Floricelda Angelina Rodas
**RODAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77081.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Floricelda Angelina Rodas Rodas, Novato, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Floricelda Angelina Rodas Rodas, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997), we deny in part and dismiss in part the petition for review.

■ Even if Rodas Rodas is credible, substantial evidence supports the agency's determination that she failed to establish that the anonymous threats to her family, and her father's kidnapping by unknown individuals, were motivated by political opinion or any other protected ground. *See Sangha*, 103 F.3d at 1487 (a petitioner cannot establish a nexus to political opinion by inference "unless the inference is one that is clearly to be drawn from the facts in evidence" and that persecution by anti-government guerrillas may not, "from that fact alone, be presumed to be 'on account of' political opinion"). Contrary to Rodas Rodas's contention, the record does not compel the conclusion that the perpetrators imputed a political opinion to her because of her father's political activism or former involvement in civil defense patrols. *See id.* ("petitioner must prove something more than violence plus disparity of views").

■ Substantial evidence also supports the agency's determination that Rodas Rodas failed to establish a well-founded fear or clear probability of future persecution in Guatemala. *See Mendez–Efrain v. INS*, 813 F.2d 279, 282–83 (9th Cir.1987) (fear based on general conditions of unrest and a general level of violence or danger does not establish eligibility for asylum or withholding of removal).

■ We lack jurisdiction to review the agency's denial of protection under the CAT because Rodas Rodas failed to raise that issue before the BIA and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.